**Binh PHAN, Petitioner,**

v.

**Richard SMITH, Director, Department of Immigration & Naturalization, Respondent.**

**No. C98–234Z.**

United States District Court,
W.D. Washington,
at Seattle.

July 9, 1999.

Susan L. Barnes, McKay, Chadwell, PLLC, Seattle, WA, for petitioner.

Quynh Vu, U.S. Dept. of Justice, Office of Immigration Litigation, Christopher Lee Pickrell, U.S. Attorney's Office, Seattle, WA, for respondent.

## ORDER

ZILLY, District Judge.

## I. Background

This Order applies the legal framework set forth in the Joint Order [1] to the facts of petitioner Phan's case. Petitioner Binh Phan is a 27–year–old native and citizen of Vietnam. He entered the United States in 1984, and became a lawful permanent resident in 1986. His first criminal conviction occurred in 1991, for possession of stolen

---

1. The Court hereby incorporates by reference the Joint Order dated July 9, 1999, entered on issues common to all petitioners.

property. Between 1992 and 1995, he was convicted of malicious mischief, criminal assault, possession of stolen property, and domestic violence. Phan's 1996 conviction for unlawful delivery of cocaine[2] formed the basis of his order of deportation, which was issued February 25, 1997. He did not appeal.

Phan was transferred from state to INS custody in February 1997. The INS District Director released him in September 1998, after he filed the present habeas corpus petition. The Director concluded that Petitioner had established by clear and convincing evidence that he was not a flight risk or a danger to the community after reviewing the criteria found at 8 C.F.R. § 236.1(c)(5). Director's Memorandum re: Conditions of Release, AR–14. The Director noted that Phan "has not attempted escape from custody, fied from an immigration checkpoint, nor been convicted of any of the crimes specified in [8 C.F.R.] § 236.1(c)(5)(i)(A)." *Id.* With the understanding that Phan would reside with his adopted mother in Tacoma, Washington, the Director released Phan without a bond, under various conditions of release. *Id.* at 13–15. Two months after his release, however, Phan was arrested and charged in Pierce County Superior Court for first degree theft in connection with cashing a $1780 counterfeit check. The charges were later dismissed[3] and Phan was transferred back into INS custody on February 9, 1999. The District Director denied Phan's subsequent request for release from custody, finding that Phan was now a danger to the community and a flight risk. The Director concluded by letter dated March 19, 1999 that "His release is not appropriate. He has proved repeatedly that he is a danger to the community. He remains a deportable alien who is subject to detention pending his removal." INS Ex. E. Phan has appealed this decision to the BIA. Phan has now been in INS custody for approximately five months; his previous detention pending deportation lasted approximately 20 months. The INS unsuccessfully requested travel documents for Phan to Vietnam on May 16, 1997 and April 2, 1999. No response has been received from the Government of Vietnam regarding these requests.

## II. Substantive Due Process

As set forth in the Joint Order, this Court must determine whether Phan's indefinite detention is excessive in relation to the government's goals of ensuring his removal, preventing his flight pending deportation, and protecting the public from him. Phan has a fundamental right to be at liberty. The Court therefore balances the strength of the deprived liberty interest and the likelihood the government will be able to effectuate deportation, against his actual dangerousness and the likelihood that he will abscond if released.

It is extremely unlikely that Phan will be deported in the foreseeable future. At this time, the United States does not have a repatriation agreement with Vietnam. INS Ex. H, ¶ 7. Although efforts to reach such an agreement were first informally raised in the early 1990s and are ongoing, the United States has not yet submitted a proposed repatriation agreement to Vietnam. *Id.* Furthermore, the INS has only requested travel documents twice for petitioner Phan, even though he has been in INS custody for a total of over two years. Because petitioner's deportation is unlikely, the government only has a slight interest in detaining him to effectuate that deportation.

The government's interests in preventing Phan from harming the community and from absconding are similarly weak. The INS previously determined that Phan was not a danger to the community, and released him on conditions but without any bond in September 1998. Although petitioner was rearrested and charged with first degree theft for cashing a $1780 counterfeit check, those charges were later dis-

---

**2.** Petitioner sold a $20 rock of cocaine to a Tacoma Police Officer. AR–86.

**3.** Order of Dismissal dated February 8, 1999, Petitioner's Reply Exhibit J at 29–30.

missed. This is not the type of crime which poses a serious threat to the community and is balanced against Petitioner's basic right to liberty. It appears that petitioner has served more time in INS custody than he served on his sentences for all his prior crimes. Although Phan was in INS custody for 20 months before his previous release, he did not flee when released. He has no history of failing to appear for court or INS hearings. Considering all these factors together, the Court concludes that petitioner Phan's continued detention violates his substantive due process rights as a matter of law.[4] Accordingly, the Court ORDERS that he be released immediately, subject to the supervision of the Attorney General on conditions of release found in 8 C.F.R. § 241.5.

IT IS SO ORDERED.

---

4. The Court also notes that his rearrest and detention has also violated his procedural due process rights. Phan was deprived of his liberty and contends that "he was never told why a detainer was placed on him, what condition of his release he violated and never given an opportunity to challenge, what appeared to be the basis of the Service's action, the mere allegation that he committed a new crime." Pet. Am. Opening Brief at 35–36. Without notice of the allegations against him and an opportunity to be heard, there is a substantial risk of erroneous deprivation. Additionally, Phan's conditions of release, as contained in the administrative record, do not include a clause providing that violating the law, or being arrested for an alleged violation, would subject Phan to being taken back into INS custody. See AR at 13–14. Furthermore, the burden on the government of providing a post-arrest revocation hearing would be minimal. The Court therefore finds that procedural due process requires that Phan should have promptly been given notice and a hearing after the revocation of his release.